LISA S
Attorn
20 VESEY ST
NEW YORK, N
scolarilaw@
(212)

> Application denied. The Government has represented on the record in court and in their written response to defendant's letter that it will not rely on Rule 404(b) even on an alternative basis for the admission of any evidence at trial and the Court hereby orders the same in accordance with those representations. Accordingly, there is no basis for further extensions of the motion *in limine* briefing schedule based upon Rule 404(b) evidence disclosure.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             September 21, 2023

Septemb

Hon. Philip M. Halpern
United States District Court
300 Quarropas Street
White Plains, NY 10601
*via ECF*

Re: *United States v. Christopher Erskine*,
20-cr-626 ((PMH)

Your Honor:

Christopher Erskine joined by Dwight Reid, through their counsel, respectfully writes to apprise Your Honor regarding the government's continuing failure to provide the defense with 404(b) evidence, which Your Honor ordered the government to provide no later than August 31, 2023.

As Your Honor is aware, the defendants originally moved, in a March 22, 2022 pretrial motion, for the government to provide Rule 404(b) material and related discovery to the defense at least 60 days prior to trial. (ECF No. 388, p.22.) Such notice was deemed necessary, in light of the scope and complexity of this case, to provide defense counsel with an adequate opportunity to review the government's allegations with our clients and present objections to Your Honor in a timely manner.

In response, the government assured Your Honor that it "agrees to provide Rule 404(b) evidence 60 days before trial, which it will do through an enterprise letter to counsel." (ECF No. 424, p.24.) It further explained that the enterprise letter would "inform[] the defendants of the criminal incidents that the Government will seek to prove at trial, either as direct proof, as background, or as evidence admissible under Federal Rule of Evidence 404(b), including uncharged crimes and other bad acts committed by the defendants and fellow members in the charged racketeering conspiracy." (*Id.* at p.24, n.12.) Relying on the government's representations, Your Honor issued an order on January 11, 2023 granting as unopposed the defense motion for 60 days' notice of Rule 404(b) evidence. (ECF No. 541, p. 20.) Further, in its February 22, 2023 amended scheduling order, Your Honor again required the government to disclose any Rule 404(b) "by no later than August 31, 2023" — being 60 days prior to the October 30, 2023 trial date — and further ordered the government to "fully comply with the notice requirements set forth in Rule 404(b)(3), and supplement that disclosure with citation to caselaw authority for the proposed use." (ECF No. 590.)

Notwithstanding Your Honor's January 11 and February 22, 2023 orders, the government only first provided with the defense with its "enterprise" letter yesterday afternoon, September 19, 2023 a mere three days prior to the defendants' deadline for filing *in limine* motions and well beyond the deadline this Court established for the government to comply with its notice requirements. The letter was not filed on ECF, it is attached hereto. (Exhibit A).

The government has characterized the events described in the enterprise letter as "direct proof of the charges" rather than 404(b). (Gov't September 19, 2023 Let. p 2.)  The letter fails to identify any evidence for which the government is seeking admission pursuant to Fed. R. Evid. 404(b), much less the putative bases for seeking admission of the evidence under that rule. Instead, the government blithely suggests in a footnote that it "expressly does not waive any alternative argument for admission of this evidence, including under Fed. R. Evid. 404(b)." (Gov't 9/19 letter at 1.)  Respectfully, Your Honor should rule that the government has already, both implicitly and expressly waived admission of any 404(b) evidence through its flagrant disregard of this Court's scheduling order.

Beyond merely the flaunting of this Court's scheduling order, however, the government failure to provide proper notice to the defendants prejudices their ability to raise objections and to prepare properly for trial.  As Your Honor is aware, Rule 404(b) was amended in 2020 "principally to impose additional notice requirements on the prosecution in a criminal case." *See* Fed. R. Evid. 404, Advisory Committee Notes to 2020 Amendments.  Thus, the government is charged with providing reasonable, written notice "of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." *See* Fed. R. Evid 404(b)(3)(A).  Such notice must specifically articulate "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." *See* Fed. R. Evid 404(b)(3)(B).

As explained in its notes to the 2020 amendment, the Committee deemed it necessary to amend Rule 404(b) because some courts had misunderstood the rule's "earlier requirement that the prosecution provide notice of only the 'general nature' of the evidence," which resulted in defendants and courts having an inadequate opportunity to assess the evidence's admissibility under Rules 403 and 404(b).  *See id.*  The notice requirement, the Commission explained in its commentary to the recent amendment, exists "so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied." *See id.*  And further, "Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." *See* Fed. R. Evid 404, Advisory Committee Notes.

Accordingly, the defendants respectfully request the following two forms of relief.  First, we ask that Your Honor determine that the government has waived any argument for admissibility of its evidence under Rule 404(b), and to refuse to entertain any such further arguments from the government.  This is a fair consequence both of the government's failure to comply with this Court's unambiguous scheduling orders and of its noncompliance with the text and purposes of the Rule's own notice requirement.  Second, the defendants respectfully request

that the deadline for filing *in limine* motions be extended to October 2, 2023. This extension would provide defense counsel an opportunity to review these newly-raised allegations with the defendants at the prison where they are presently detained and would help to ensure that they have a full and fair opportunity to raise objections. Naturally, defense counsel would not object to a correlative extension of the government's deadline for responding to the defense motions *in limine*.

        Respectfully submitted,

        *Lisa Scolari*

        Lisa Scolari and Thomas Ambrosio
        Attorneys for Christopher Erskine