LISA SCOLARI<br>
Attorney at Law<br>
20 VESEY STREET, SUITE 400<br>
NEW YORK, NEW YORK 10007<br>
scolarilaw@gmail.com<br>
(212) 227-8  

> Application denied. Rule 403 objections are properly lodged at trial, and not *in limine*.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        September 22, 2023

September 21, 2023

Hon. Philip M. Halpern
United States District Court
300 Quarropas Street
White Plains, NY 10601
*via ECF*

**Re: *United States v. Christopher Erskine*,**
**20-cr-626 ((PMH)**

Your Honor:

    Christopher Erskine and Dwight Reid, through their counsel, respectfully write to reiterate our request for an extension of time for the filing of Motions in *limine*. While we appreciate the government's assurance that they will not seek to introduce any acts pursuant to 404(b), despite the footnotes in their enterprise letter, the opposition to our request is puzzling.

    As the government recognized in its assertion that it "agrees to provide Rule 404(b) evidence 60 days before trial, which it will do through an *enterprise letter* to counsel" (ECF No. 424, p.24.), the defense is entitled to sufficient notice of what the government indicated would "inform[] the defendants of the criminal incidents that the Government will seek to prove at trial, either as direct proof, as background, or as evidence admissible under Federal Rule of Evidence 404(b), including uncharged crimes and other bad acts committed by the defendants and fellow members in the charged racketeering conspiracy." (*Id.* at p.24, n.12.)

    The notice requirement is designed to avoid unfair surprise and to permit the defense adequate time to object to the evidence and to give the Court sufficient time to rule in advance of trial. Notwithstanding the government's promise, relied on by the Court and counsel, the government provided the enterprise letter on the afternoon of September 19, 2023 a mere three days prior to the defendants' deadline for filing *in limine* motions, well beyond what was anticipated. Both the Court and the parties should be able to rely on the government to act in good faith on its promises.

    According to the enterprise letter the government will seek to introduce evidence of nineteen categories of acts that allegedly occurred over a twenty year period. Many of those did not involve either of the defendants in the instant indictment and could not be anticipated by the parties prior to the enterprise letter. Gov't September 19, 2023 let

  The limits imposed by Rule 403 apply with equal force whether the government seeks to introduce the evidence as "direct proof of the charges" or 404(b). In addition to Rule 403 the rationale behind the 404(b) notice requirement that the government provide reasonable, written notice "of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it" still applies. *See* Fed. R. Evid 404(b)(3)(A).  The rule, requiring that notice must specifically articulate "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose" serves not only the defense but the Court. *See* Fed. R. Evid 404(b)(3)(B).  Specific articulation is required for an informed defense response which in turn assists the Court in making the correct rulings under 403.

  The notice requirement exists "so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and <u>whether the requirements of Rule 403 have been satisfied</u>."  *See id* (emphasis added).  Further defense counsel must have an opportunity to review these newly-raised allegations with their clients who are detained. The late delivery of the enterprise letter has deprived counsel of a reasonable opportunity to do so.

  Accordingly, the defendants respectfully reiterate our request that the deadline for filing *in limine* motions be extended to October 2, 2023.   Defense counsel would not object to a correlative extension of the government's deadline for response.

       Respectfully submitted,

       *Lisa Scolari*

       Lisa Scolari and Thomas Ambrosio
       Attorneys for Christopher Erskine